UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| Darrell Williams, # 219730, *former Alvin Glenn # 108467* | ) C/A No.: 8:10-2688-CMC-BHH |
|---|---|
| Petitioner, | ) |
| vs. | ) Report and Recommendation |
| Anthony J. Padula, Warden Lee Correction Institution, | ) |
| Respondent. | ) |

Petitioner, a state prisoner proceeding *pro se*, files this matter pursuant to 28 U.S.C. § 2254. Petitioner is confined at the Lee Correctional Institution, a facility run by the South Carolina Department of Corrections. He challenges his May 1995 convictions and sentences for six (6) counts of burglary 1st, four (4) counts of burglary 2nd; four (4) counts of petite larceny; and one (1) count of possession of tools to be employed in [a] crime.

Petitioner seems to allege that the 1995 convictions were used to enhance a 2008 charge, although he provides no other information concerning the 2008 charge. He cites to S.C. Code Ann. §17-25-45 which provides for a life sentence for persons convicted of certain crimes. Petitioner alleges that he has filed a motion for a new trial (presumably in the 2008 case) and alleges a sentence enhancement is grounds for equitably tolling the statute of limitations. He also alleges his counsel was ineffective for not telling him he could receive an enhanced sentence based on prior convictions. Thus, it appears the petitioner is also trying to attack the 2008 conviction and sentence. He asks for a "hearing on the issues" claiming the State court failed to do so.

Petitioner has previously challenged his 1995 convictions and sentences in this Court. *See Williams v. Catoe, et al*, Civil Action No.:4:00-00265-CWH-TLW. This Court

may take judicial notice of its own files and records. *See Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989)("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'").

Under established local procedure in this judicial district, a careful review has been made of the *pro se* petition, pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Anti-Terrorism and Effective Death Penalty Act of 1996. The review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728 (1992); *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827 (1989); *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995)(*en banc*); and *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

This court is required to liberally construe *pro se* documents, *Estelle v. Gamble*, 429 U.S. 97, 97 S. Ct. 285 (1976), holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 5, 101 S. Ct. 173 (1980)*(per curiam)*. Even under this less stringent standard, however, the *pro se* petition is subject to summary dismissal. The mandated liberal construction afforded *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to "conjure up questions never squarely presented" to the court. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Department of Social Services*, 901 F.2d 387 (4th Cir. 1990).

As noted above, the petitioner has had a prior § 2254 habeas corpus action in this court challenging his 1995 convictions and sentences. Summary judgment for the respondents was granted in the petitioner's prior § 2254 case. As a result, the § 2254 petition in the above-captioned case is subject to dismissal under Rule 9 of the Section 2254 Rules. *Miller v. Bordenkircher*, 764 F.2d 245, 248-250 & nn. 3-5 (4th Cir. 1985). *See also McClesky v. Zant*, 499 U.S. 467, 111 S.Ct. 1454, 1467-1472 (1991); Section 106 of the Anti-Terrorism and Effective Death Penalty Act of 1996, Public Law 104-132, 110 U.S.Stat. 1214; and *Bennett v. Angelone*, 92 F.3d 1336, 1343 (4th Cir. 1996).

Furthermore, there is no indication that the petitioner has sought leave from the United States Court of Appeals for the Fourth Circuit to file the § 2254 petition in the above-captioned case. Leave from the United States Court of Appeals for the Fourth Circuit is now required under the Anti-Terrorism and Effective Death Penalty Act of 1996 for filers of successive or second § 2254 petitions. Before the petitioner attempts to file another petition in the United States District Court for the District of South Carolina, he ***must*** seek and obtain leave (*i.e.*, written permission) from the United States Court of Appeals for the Fourth Circuit. The petitioner can obtain the necessary forms for doing so from the Clerk's Office of the United States Court of Appeals for the Fourth Circuit in Richmond, Virginia.[*]

---

[*]*See* Section 106 of the Anti-Terrorism and Effective Death Penalty Act of 1996:

(B) LIMITS ON SECOND OR SUCCESSIVE APPLICATIONS. —Section 2244(b) of title 28, UNITED STATES CODE, is amended to read as follows:

"(B)(1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.

"(2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless—
"(A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

"(B)(i) the factual predicate for the claim could not have been

To the extent the petitioner is attempting to attack his 2008 conviction and sentence, the petitioner has failed to establish that he has fully exhausted his state remedies. With respect to his 2008 convictions and sentences, the petitioner's sole federal remedy is a writ of habeas corpus under 28 U.S.C. § 2254, which can be sought only after the petitioner has exhausted his state court remedies. *See* 28 U.S.C. § 2254(b)(1); *Woodford v. Ngo,* 548 U.S. 81, 92 (2006) (noting that a "state prisoner is generally barred from obtaining federal habeas relief unless the prisoner has properly presented his or her claims through one 'complete round of the State's established appellate review process'").

If a South Carolina prisoner's application for post-conviction relief is denied or dismissed by a Court of Common Pleas, he or she can file an appeal in that post-conviction case. *See* § 17-27-100, South Carolina Code of Laws; and *Knight v. State*, 284 S.C. 138, 325 S.E.2d 535 (1985). In fact, if the petitioner files an application for post-conviction relief and the Court of Common Pleas denies post-conviction relief or dismisses

---

discovered previously through the exercise of due diligence; and
"(ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

"(3)(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

"(B) A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals.

"(C) The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection.

"(D) The court of appeals shall grant or deny the authorization to file a second or successive application not later than 30 days after the filing of the motion.

"(E) The grant or denial of an authorization by a court of appeals to file a second or successive application shall not be appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari.

"(4) A district court shall dismiss any claim presented in a second or successive application that the court of appeals has authorized to be filed unless the applicant shows that the claim satisfies the requirements of this section.".

the petitioner's application for post-conviction relief, the petitioner must seek appellate review by the Supreme Court of South Carolina of that disposition from the Court of Common Pleas, or federal collateral review of the grounds raised in his application for post-conviction relief will be barred by a procedural default. *See Whitley v. Bair*, 802 F.2d 1487, 1500 & n. 27 (4th Cir. 1986); *Mason v. Procunier*, 748 F.2d 852, 853-854 (4th Cir. 1984); and *Strader v. Allsbrook*, 656 F.2d 67, 68 (4th Cir. 1981).

The United States Court of Appeals for the Fourth Circuit has held that South Carolina's Uniform Post-Conviction Procedure Act, which is currently codified at § 17-27-10 *et seq.*, South Carolina Code of Laws, is a viable state-court remedy. *See Miller v. Harvey*, 566 F.2d 879, 880-881 (4th Cir. 1977); and *Patterson v. Leeke*, 556 F.2d 1168, 1170-1173 & n. 1 (4th Cir. 1977).

Since the petitioner has a viable state court remedy which he has not alleged has been fully utilized, the United States District Court for the District of South Carolina should not keep this case on its docket while the petitioner is exhausting his state remedies. *See Galloway v. Stephenson*, 510 F. Supp. 840, 846 (M.D.N.C. 1981): "When state court remedies have not been exhausted, absent special circumstances, a federal habeas court may not retain the case on its docket, pending exhaustion, but should dismiss the petition." *See also Pitchess v. Davis*, 421 U.S. 482, 490 (1975); and *Lawson v. Dixon*, 3 F.3d 743, 749 n. 4 (4th Cir. 1993), where the United States Court of Appeals for the Fourth Circuit noted: "[E]xhaustion is not a jurisdictional requirement, but rather arises from interests of comity between the state and federal courts."

## **RECOMMENDATION**

Accordingly, it is recommended that the § 2254 petition, as it applies to petitioner's

May 1995 convictions and sentences, be dismissed *without prejudice* as a successive § 2254 petition under Rule 9 of the Section 2254 Rules, *without requiring the respondents to file a return*. It is further recommended that, to the extent the petitioner is attempting to attack his 2008 conviction and sentence, this case be dismissed *without prejudice* and without issuance and service of process upon the respondents for failure to allege exhaustion of state remedies. *See Erline Co. S.A. v. Johnson*, 440 F.3d 648, 656 (4th Cir. 2006)(in both habeas corpus and *in forma pauperis* proceedings district courts are charged with the duty of independently screening initial filings, and dismissing those actions that plainly lack merit); and the Anti-Terrorism and Effective Death Penalty Act of 1996.

                                               s/Bruce Howe Hendricks
                                               United States Magistrate Judge

November 8, 2010
Greenville, South Carolina

***The petitioner's attention is directed to the important NOTICE on the next page.***

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Room 239
> 300 East Washington St.
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).