IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENWOOD DIVISION

| | | |
|---|---|---|
| Darrell Williams, # 219730, | ) | C/A NO. 8:10-2688-CMC-BHH |
| | ) | |
| Petitioner, | ) | |
| | ) | **OPINION and ORDER** |
| v. | ) | |
| | ) | |
| Anthony J. Padula, Warden Lee Correction Institution, | ) ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

This matter is before the court on Petitioner's *pro se* application for writ of habeas corpus, filed in this court pursuant to 28 U.S.C. § 2254.

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(c), DSC, this matter was referred to United States Magistrate Judge Bruce Howe Hendricks for pre-trial proceedings and a Report and Recommendation ("Report"). On November 8, 2010, the Magistrate Judge issued a Report recommending that this petition be dismissed without prejudice and without issuing process to Respondent. The Magistrate Judge advised Petitioner of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. Petitioner filed objections to the Report on November 19, 2010.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by

1

the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b).

After conducting a *de novo* review of those matters as to which an objection was made, and considering the applicable law, the Report and Recommendation of the Magistrate Judge, and the Petitioner's objections, the court agrees with the conclusions of the Magistrate Judge. Accordingly, the court adopts and incorporates the Report and Recommendation by reference in this Order.

Petitioner contends in his objections that he is not challenging his 2008 conviction,[1] but rather he now challenges his 1995 convictions as they were used in 2008 to enhance his sentence under S.C. Code § 17-25-45, South Carolina's "Two Strikes" recidivist law. Petitioner asserts that no authorization from the Fourth Circuit Court of Appeals is required before he files this petition because the circumstances present in *Custis v. United States*, 511 U.S. 485 (1994), apply to his situation. This argument is without merit. Initially, the court notes that *Custis* was not a collateral challenge (such as a § 2254 or § 2255 matter) to Custis' sentence; rather, is was a direct criminal appeal by a defendant convicted and sentenced in *federal* court. Therefore, it does not apply to Petitioner's circumstance. Petitioner's other objections present no meritorious argument to show that the Report's assessment of the status of Petitioner's application was in error.

This petition must be dismissed as this court is without jurisdiction to consider it. Any such challenge is successive in nature, and Petitioner presents no evidence of his having sought and obtained permission from the Fourth Circuit Court of Appeals to file a second or successive petition. 28 U.S.C. § 2244(b)(3)(A). His failure to do so is fatal to any jurisdiction of this court. As this

---

[1] A review of the South Carolina Department of Corrections (SCDC) website indicates that Petitioner was convicted in 2008 of first degree burglary.

court is without jurisdiction to consider any claim relating to the validity of Petitioner's 1995 convictions, the petition is dismissed without prejudice and without issuance and service of process. 28 U.S.C. § 2244(b)(4).

### CERTIFICATE OF APPEALABILITY

The governing law provides that:

(c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.

(c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003); *Slack v. McDaniel,* 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, Petitioner's motion for a certificate of appealability (Dkt. # 14, filed Nov 29, 2010) is **denied**.

**IT IS SO ORDERED.**

s/ Cameron McGowan Currie
CAMERON McGOWAN CURRIE
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
December 2, 2010

C:\Documents and Settings\nac60\Desktop\10-2688 order.wpd